**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN THE MATTER OF
THE EXTRADITION OF
JACKSON RAY HART                                    CASE NO. 8:10-MJ-1560-TBM
_____/

**ORDER ON THE REQUEST FOR EXTRADITION OF**
**JACKSON RAY HART BY THE UNITED KINGDOM OF GREAT BRITAIN**

Before this court is the matter of the extradition of Jackson Ray Hart, whose extradition is sought by the United Kingdom of Great Britain ("Great Britain") pursuant to the Annex to the Instrument between the United States and the United Kingdom ("Annex") signed December 16, 2004, implementing the Agreement on Extradition between these countries signed on June 25, 2003.

I.

Pursuant to 18 U.S.C. § 3184 and upon the complaint of the United States acting for and on behalf of Great Britain, a warrant directing the arrest of Mr. Hart was executed on December 7, 2010. Upon his arrest, Mr. Hart appeared before the undersigned and was advised of the proceedings against him and was appointed counsel.

The hearing on the request for extradition was conducted on December 17, 2010. Mr. Hart was represented by Assistant Federal Defender, Yvette Gray. The Government of the United States, acting in its capacity as the legal representative of Great Britain, was represented by Colleen Murphy-Davis, an Assistant United States Attorney. The United States presented documentary support for the request for extradition as discussed below. At the hearing, Mr. Hart declined to formally waive extradition for fear of waiving the Rule of

Speciality at Article 18 of the Annex. However, he expressed his desire to be returned to Great Britain as soon as possible and accordingly, he offered no contest to the documentary filings with the court nor his identity as the person sought by Great Britain.

## II.

### A.

The Annex at Article 1 provides that the parties agree to extradite to each other persons sought by the authorities of the requesting state for trial or punishment for extradictable offenses. Extradictable offenses include all offenses punishable under the laws of both States by incarceration for a period of one year or more. The documents and procedures required by the Annex are set forth at Article 8.

The documents submitted are to be received as evidence if they are duly authenticated in accordance with the law. *See* 18 U.S.C. § 3190. To this end, the documents are submitted upon the declaration of Cameron Holland, Attorney Advisor, Office of the Legal Advisor, United States Department of State, who certifies that in accordance with the Annex to the Agreement on Extradition, a copy of which she attaches, the British Embassy has submitted Diplomatic Note, No. 048/10, formally requesting the extradition of Mr. Hart on an offense extradictable under Article 2 of the Annex. She further certifies that pursuant to Article 9 of the Annex, the documents submitted under seal from the Ministry of Justice are admissible in extradition proceedings without further certification or authentication even in the absence of any certification by the U.S. Embassy in London. *See* (Gov't Exh. 1, composite). The certification from Mr. McMorran attests that the documents/depositions submitted by the Ministry of Justice were taken before Timothy Workman, District Judge at

the City of Westminster Magistrates' Court, who is duly authorized to receive the same and that such when authenticated by a minister of State and sealed with his seal will be received in evidence for similar purposes by the tribunals of Great Britain. *See* (Gov't Exh. 2, composite).

Pursuant to the provisions of 18 U.S.C. § 3190, the court finds that the documents submitted by the government on behalf of Great Britain have been properly and legally authenticated and appropriately certified, and thus, are competent evidence in these proceedings.

B.

By this documentary evidence, Mr. Hart stands indicted in the Crown Court at Blackfriars for the offense of burglary contrary to § 9(1)(b) of the Theft Act 1968. The submissions from Detective Constable Simon Dowling establish the Mr. Hart was arrested on the charge of burglary on February 20, 2008, and thereafter released on bail. The basis for the charge is the theft of a telephone and answering machine from the dwelling of Chris Rhodes on August 8, 2007, and Mr. Hart's unexplained fingerprints being located at the scene of the burglary. Following his release on bail, the matter was set for trial on October 28, 2008. Mr. Hart failed to appear at trial and a warrant for his arrest was issued that date. The investigator's submission is accompanied by photographs and fingerprints of Mr. Hart and a copy of the arrest warrant. Kate Leonard, a Crown Prosecutor, attests to the provisions of § 9 of the Theft Act related to the crime of burglary. Section 9(1)(b) provides that a person is guilty of burglary "if having entered any building or part of a building as a trespasser he steals or attempts to steal anything in the building or that part of it . . . ." The offense is punishable

3

by up to fourteen years' incarceration if the building is a dwelling and ten years' incarceration otherwise.

## II.

The matter of international extradition is governed by 18 U.S.C. §§ 3184, et seq. In pertinent part, 18 U.S.C. § 3184 states,

> Whenever there is a treaty or convention for extradition between the United States and any foreign government, . . . any magistrate judge authorized so to do by a court of the United States . . . may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, . . . issue his warrant for the apprehension of the person so charged, that he may be brought before such . . . magistrate judge, to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, . . . he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, . . . .

Courts have employed various formulations of the proof necessary to sustain a request for extradition. In simplest terms, the burden on the Government at an extradition hearing is to prove "evidence sufficient to sustain the charge [against the defendant] under the provisions of the proper treaty or convention." *Kastnerova v. United States*, 365 F.3d 980, 984 n.5 (11th Cir. 2004). The inquiry is not into the guilt or innocence of the accused, but only "to see if there is evidence sufficient to show reasonable ground to believe the accused guilty." *Id.* at 987 (quoting *Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969)). Thus, the court's inquiry is generally said to entail consideration of four elements: 1) the existence of an extradition treaty and whether the crime for which the accused is sought is an extraditable

4

offense; 2) whether the accused is the individual sought on the criminal charge; 3) whether there is probable cause to believe that the accused is guilty of the charge pending against him in the requesting state; and 4) whether the crime alleged to have been committed is punishable both in the requesting and the requested state. *See* 18 U.S.C. § 3184; *United States v. Peterka*, 307 F. Supp .2d 1344, 1349 (M.D. Fla. 2003) (citing *United States v. Fernandez-Morris*, 99 F. Supp. 2d 1358, 1360-61 (S.D. Fla. 1999)); *Republic of France v. Moghadam*, 617 F. Supp. 777 (N.D. Cal. 1985). Applying these factors, the court concludes the evidence is sufficient to sustain the charge against Mr. Hart under the provisions of the treaty.

1) The existence of a Treaty and the criminal charge or conviction.

Here, it is not disputed that there exists a valid agreement on extradition between the United States and Great Britain and that a charge of burglary is an extraditable offense under the Annex.

2) Whether Mr. Hart is the individual sought on the criminal charge in Great Britain.

Mr. Hart does not contest his identity before this court as the individual sought by Great Britain and such is otherwise adequately demonstrated in the submitted photographs.

3) Whether there is probable cause to believe Mr. Hart is guilty of the charge of burglary.

The essential inquiry under this prong is whether there is sufficient evidence of criminal conduct by the person accused to support a reasonable belief that he committed the offense charged. While Mr. Hart has not conceded the matter of probable cause, he does not contest such before the court. In pertinent part, § 9(1)(b) of the Theft Act defines burglary as stealing anything in a building after having entered the building or part thereof as a trespasser.

Here, the proffered evidence provides probable cause to believe that the dwelling of Chris Rhodes in Cromwell Gardens, London was entered at least in part and a telephone and answering machine stolen. While the evidence that Mr. Hart committed the offense is circumstantial, it is adequate to meet the probable cause standard as well.

       4) <u>Whether the Act for which Mr. Hart is accused is punishable under the criminal laws of the United States as well as under the laws of Great Britain</u>.

Under the principle of dual criminality, the offense for which Great Britain requests the extradition of Mr. Hart must be illegal both in that country and under the laws of the United States. This requirement does not require an exact identity of offenses. Otherwise stated, "[t]he law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions." *Collins*, 259 U.S. at 312.

While not an offense under federal law, the offense of burglary is a felony offense under Florida law as well as the laws of most, if not all, other states of the United States. Again, Mr. Hart does not contest this requisite to his extradition.

IV.

In conclusion, the court finds the offense for which Mr. Hart stands accused is one for which he may be extradited under the Agreement on Extradition and Annex between the United States and Great Britain. There is adequate evidence by which to conclude that Mr. Hart is the individual sought by Great Britain and probable cause to support the allegation of

burglary. The offense is comparable to a criminal offense in the United States and thus, dual criminality is established.

Accordingly, it is **ORDERED** that the United Kingdom's request for extradition of Jackson Ray Hart is **GRANTED**.

**Done and Ordered** in Tampa, Florida this 22nd day of December 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Colleen Murphy-Davis, Assistant United States Attorney
Yvette Gray, Attorney for Jackson Ray Hart
U.S. Marshal